**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**


**NATNAEL WORKU, # A 249-122-004, a/k/a**                     **PETITIONER**
**NATNAEL BELAY**

**VERSUS**                                  **CIVIL ACTION NO. 5:26cv151-DCB-RPM**

**UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT and C.
ESCALANTE**                                                    **RESPONDENTS**


### <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

This matter is before the Court *sua sponte*.   *Pro se* Petitioner Natnael Worku, also

known as Natnael Belay, filed this Petition for Writ of Habeas Corpus [1] under 28 U.S.C. §

2241.   He is an alien detainee in the custody of the Department of Homeland Security, currently

housed in the Adams County Correctional Center in Natchez, Mississippi.   The Court has

considered and liberally construed the pleadings.   As set forth below, this case is dismissed.

On March 9, 2026, Petitioner filed the instant habeas Petition, challenging his detention.

He maintains that he has been in custody since November 24, 2024 and was ordered removed on

June 6, 2025.   He alleges that he has cooperated with authorities in order to affect his removal.

He asks this Court to either release him from detention or have him removed.

This is not the first time Petitioner has raised the identical clams.   On February 18, 2026,

he had filed another habeas action in the United States District Court for the Western District of

Louisiana.   That court transferred that case to this Court on February 24.   The first case is

styled, *Belay v. Escalante*, civil action number 5:26cv93 ("*Escalante*").   It was served on

Respondent on March 31 and is still pending before the undersigned.

Petitioner filed yet another habeas Petition in the Western District of Louisiana, raising

the identical claims, challenging the same detention on February 18, 2026.   The second case,

*Belay v. ICE*, civil action number 5:26cv145 ("*ICE*"), was also transferred to this Court, on

March 6.   *ICE* is still pending before the undersigned.

A civil action, including a habeas action, may be dismissed if it is duplicative of another

action pending in the same court.   *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985).   *See*

*also*, *Norwood v. United States*, 235 F. App'x 231, 231 (5th Cir. July 24, 2007) (habeas) (citing

*Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993)); *Williams v. Thaler*, No. 3-12-cv-2667-

M-BD, 2012 U.S. Dist. LEXIS 135780 at \*1-2 (N.D. Tex. Aug. 30, 2012) (habeas).   Because

the instant Petition challenges the same detention by the Department of Homeland Security and

is based on the same facts as the pending cases of *Escalante* and *ICE*, the instant case will be

dismissed as duplicative.   It is therefore dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above,

this cause should be and is hereby **DISMISSED WITHOUT PREJUDICE**.   A separate final

judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

So ordered and adjudged, this the 15th day of May, 2026.

/s/ David C. Bramlette_____
UNITED STATES DISTRICT JUDGE